ROBERT W. FREEMAN
Nevada Bar No. 03062
Robert.Freeman@lewisbrisbois.com
JENNIFER A. TAYLOR
Nevada Bar No. 6141
Jennifer.A.Taylor@lewisbrisbois.com
BENJAMIN J. DOYLE
Nevada Bar No. 15210
Benjamin.Doyle@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383 /FAX: 702.893.3789
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY WINN;<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SHELTER MUTUAL INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES I through X, and ROE Corporations I through X, inclusive,<br><br>　　　　Defendants. | **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (B)**<br><br>**(Diversity Jurisdiction)** |

Pursuant to 28 U.S.C.§ 1441 (b), Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, files this Petition for Removal of Clark County District Court Case No. A-22-855987-C styled *Ashley Winn v. State Farm Mutual Automobile Insurance Company et. al.,* and states as follows:

### PLEADINGS AND PROCEEDINGS TO DATE

1. On August 3, 2022, Plaintiff caused to be served a Summons and her Complaint upon the Office of the Nevada Commissioner of Insurance in accordance with NRS 680A.260.

4868-8546-3857.1

On August 4, 2022, the Office of the Nevada Commissioner of Insurance mailed a copy of the Summons and Complaint, by certified mail, to State Farm, along with a copy of the proof of service. According to NRS 686A.260, service of process is complete upon mailing of the Summons and Complaint by the Commissioner of Insurance. Copies of the Complaint ("State Court Complaint"), Summons, and Proof of Service are attached hereto and marked respectively as **Exhibits A, B, and C**.

## VENUE

2.   Venue is appropriate in the unofficial Southern District of the Court pursuant to 28 U.S.C. §§ 1393 (b)(2) and (c), 1441 (a); and LR IA 1-6.

## GROUNDS FOR REMOVAL

3.   The action is a civil suit brought in a Nevada court.  Removal is based upon diversity of citizenship jurisdiction, 28 U.S.C. § 1332. The action is pending in Clark County, Nevada, and accordingly under 28 U.S.C. § 108, the United States District Court for the District of Nevada is the proper forum for removal.

## DIVERSITY OF CITIZENSHIP JURISDICTION

A.   **Citizenship of the Parties**

4.   Complete diversity exists with respect to the Plaintiff and Defendants. Accordingly, this action is one that Defendant may remove pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.   Specifically, according to paragraph 2 of her Complaint, Ashley Winn was at the time of filing of the State Court civil action a resident of the County of Clark, State of Nevada. *See* **Ex. A** at ¶ 2.

6.   Defendant, State Farm was at the time of the filing of the State Court civil action, and still is, incorporated under the laws of the State of Illinois and has its principal place of business in the State of Illinois.

7.   Defendant, Shelter Insurance Company ("Shelter") was at the time of the filing of the State Court civil action, and still is, incorporated under the laws of the State of Missouri and

has its principal place of business in the State of Missouri.

B. **Amount in Controversy**

8. In the State Court Action, the amount which Plaintiff injects into controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Complaint alleges entitlement to damages against Defendants for: 1) breach of contracts; 2) breach of the Implied Covenant of Good Faith and Fair Dealing; 3) Unfair Claims Practices – NRS 686A.310(1)(b);(2) and 4) promissory estoppel against State Farm. *See* **Ex. A** at ¶¶41-68. Plaintiff contends that each of her claims for relief numbers 2 and 3 trigger punitive damages. Id. at ¶¶54, 58, 61, and 63. Plaintiff seeks damage for each of her claims "in excess of $15,000.00" as well as additional damages. Id. at ¶¶ 47- 48, 53, 57, 61, 63, & 68. Plaintiff also seeks punitive damages in excess of $15,000." Id. Prayer for Relief at ¶ 4.

9. In the State Court Action, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

10. Plaintiff's claims herein arise out of an automobile accident that occurred on September 24, 2016 in which Plaintiff failed to stop at a posted stop sign and collided with another vehicle injuring the driver Brian Choiniere and fatally injuring his passenger Christine Weir. Id. at ¶¶9-10. As a result of the 2016 automobile accident on July 10, 2017 Mr. Choiniere and the Estate of Christine Weir filed an action (the "underlying action") against Plaintiff in Nevada State Court under Case No. A-17-758089-C. Id. at ¶¶29. The underlying action was tried to jury verdict and on January 21, 2022 the Nevada State Court entered a judgment against Plaintiff in the amount of $2,181,621.71. Id. at ¶¶36

11. The State Court Complaint herein alleges Defendant Shelter's "failure to inform Plaintiff. . . that all claims under her bodily injury policies of insurance could be settled for an additional contribution of $20,000 by Plaintiff . . . was a material breach of the insurance contract and Nevada law." Id. at ¶ 43. The State Court Complaint further alleges Defendant State Farm's "failure to tender the policy limits as demanded and/or fairly evaluate State Farm claim number 28-985F-624 . . . which led to the filing of case number A-17-758089-C, and State Farm's failure to inform Plaintiff . . . that all claims under her bodily injury policies of insurance could be settled

for an additional contribution of $20,000 by Plaintiff . . . was a material breach of the insurance contracts and Nevada law." Id. at ¶¶ 46.

12. There are two (2) relevant insurance policies at issue. The first is a State Farm policy, Policy No. 086 3846-C19-28C with bodily injury coverage limits of $25,000 per person/$50,000 per occurrence. See **Exhibit D**, Certified Declaration Page of State Farm Policy No. 086 3846-C19-28C. The second policy is a Shelter policy, Policy No. 27-1-3875917-2 with bodily injury coverage limits of $15,000 per person/$30,000 per occurrence.

13. During the underlying action Plaintiff made a policy demand to both State Farm and Shelter each in the amount of $40,000 for a total of $80,0000 under the bodily injury coverages for Brian Choiniere and for the Estate of Christine Weir. The demand alleged past medical expenses of $128,300.48 for Brian Choiniere. See Ex. A. at ¶¶ 13-18.

14. The State Court Complaint additionally alleges that State Farm breached the implied covenant of good faith and fair dealing in its failure to tender the policy limits . . . failure to inform Plaintiff that all claims under her bodily injury policies of insurance could be settled for an additional contribution of $20,000 by Plaintiff . . . offering to pay policy limits of 15/30 . . .then abruptly changing their position . . . denying liability . . . failing to tender policy limits . . . and failing to reduce the judgment against Plaintiff by the $30,000 State Farm had previously agreed to pay. ." Id. at ¶ 51. The State Court Complaint further alleges that this conduct by State Farm has caused Plaintiff to incur compensatory and expectation damages, as well as emotional distress. Id. at ¶ 53.

15. The State Court Complaint additionally alleges that Shelter breached the implied covenant of good faith and fair dealing in its failure to fairly evaluate the claim which led to the filing of the underlying action and its failure to inform Plaintiff that all claims under her bodily injury policies of insurance could be settled for an additional contribution of $20,000 by Plaintiff. Id. at ¶ 55. The State Court Complaint further alleges that this conduct by Shelter has caused Plaintiff to incur compensatory and expectation damages, as well as emotional distress. Id. at ¶ 57.

16. Plaintiff also alleges she is entitled to punitive damages in excess of $15,000.00

because State Farm and Shelter both acted with willful, wanton, malicious, reckless, oppressive, and/or fraudulent conduct in its breach of the covenant of good faith and fair dealing. Id. at ¶ 54 and 58.

17. Furthermore, Plaintiff alleges that both State Farm and Shelter violated the Nevada's Unfair Claims Practices Act by failing to acknowledge and act reasonably or promptly by failing to communicate with Plaintiff that the underlying action could resolve with a monetary contribution from Plaintiff. Id. at ¶¶ 60 and 62. In Plaintiff's prayer for relief, she seeks special, compensatory, consequential, punitive damages, and an award of attorney's fees and costs. Id. at Prayer for Relief ¶¶ 1 - 5.

18. A defendant's duty is not to prove by a preponderance of the evidence that a plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, Case No. 3:09-cv-714-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85073 (D. Nev. July 15, 2010). In other words, the amount in controversy is satisfied if a plaintiff's potential gain exceeds the jurisdictional limit. *Id.* The pertinent question the Court is to ask is whether a plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, Case No. 2:13-cv-316-RCJ-NJK, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013). As such, the appropriate figure to use in determining whether State Farm has presented adequate evidence to establish the amount in controversy is <u>not</u> the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If State Farm can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, <u>or</u> (2) were a jury to award Plaintiff a full recovery, said award would be over the jurisdictional threshold, then jurisdiction with this court should remain.

19. Further, in assessing the amount in controversy, the Court may consider a request for attorneys' fees. *Manthei v. Northwestern Mut. Life Ins. Co.*, Case No. 2:13-cv-1218-APG-NJK, 2014 U.S. Dist. LEXIS 15714, 5-6 (D. Nev. Feb. 6, 2014). As noted by the *Manthei* Court, Nevada law does not cap punitive damages in bad faith insurance claims, except as limited by constitutional due process. *Id*. Thus, Plaintiff's claim for punitive or exemplary damages should be

considered in calculating the amount in controversy.

20. When combining Plaintiff's breach of contract claims seeking contract benefits against State Farm and Shelter, her extra-contractual claims alleging damages in excess of $15,000.00, her prayer for attorney's fees, and her claim for punitive damages, the amount in controversy reflects an amount well in excess of the jurisdictional threshold of $75,000.00.

21. Based on the foregoing, State Farm respectfully submits that (a) there is diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000.00. This action is, therefore, properly removed to the United States District Court for the District of Nevada.

## EXHIBITS

A. Complaint

B. Summons

C. Proof of Service

D. Certified Declaration Page of State Farm Fire & Casualty Policy No. 086 3846-C19-28C

DATED this 6th day of September, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By     /s/ *Jennifer A. Taylor*
ROBERT W. FREEMAN
Nevada Bar No. 03062
JENNIFER A. TAYLOR
Nevada Bar No. 6141
BENJAMIN J. DOYLE
Nevada Bar No. 15210
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*
.

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP, and that on this 6th day of September, 2022, I did cause a true copy of **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (B) (Diversity Jurisdiction)** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

Bruce D. Schupp, Esq.
LAW OFFICES OF BRUCE D. SCHUPP
1120 N. Town Center Drive, Suite 140
Las Vegas, Nevada 89144
bruceschupp@me.com

Brice J. Crafton, Esq.
DEAVER & CRAFTON
810 E. Charleston Blvd.
Las Vegas, Nevada 89104
brice@deavercrafton.com

Robert D. Vannah, Esq.
John B. Greene, Esq.
400 South Seventh Street, Fourth Floor
Las Vegas, Nevada 89101
jgreene@vannahlaw.com
*Attorneys for Plaintiff*

By: /s/ *Anne Cordell*
An Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP

4868-8546-3857.1

7