ROBERT W. FREEMAN
Nevada Bar No. 03062
Robert.Freeman@lewisbrisbois.com
JENNIFER A. TAYLOR
Nevada Bar No. 6141
Jennifer.A.Taylor@lewisbrisbois.com
BENJAMIN J. DOYLE
Nevada Bar No. 15210
Benjamin.Doyle@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383 /FAX: 702.893.3789
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASHLEY WINN;

Plaintiff,

vs.

SHELTER MUTUAL INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES I through X, and ROE Corporations I through X, inclusive,

Defendants.

CASE NO.: 2:22-cv-01441-JCM-BNW

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm" or "Defendant"), by and through its counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby answers Plaintiff Ashley Winn's ("Plaintiff") Complaint filed July 27, 2022.

**I.**

**IDENTIFICATION OF THE PARTIES AND JURISDICTION**

1. Answering Paragraph 1 of Plaintiff's Complaint, State Farm is without sufficient information or knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, denies each and every remaining allegation contained therein.

2. Answering Paragraph 2, upon information and belief State Farm admits that Ashley Winn is an individual and resident of the State of Nevada. Except as expressly admitted, State Farm denies the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, State Farm is without sufficient information or knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, denies each and every remaining allegation contained therein.

4. Answering paragraph 4 of Plaintiff's Complaint, State Farm admits that it is a duly licensed insurer and doing business in Clark County, Nevada.

5. Paragraph 5 of Plaintiff's Complaint does not call for a response from State Farm. To the extent the allegations in paragraph 5 could be construed as calling for a response from State Farm, State Farm responds that the allegations contained therein are so vague and ambiguous that State Farm can neither admit nor deny it and, on that basis, denies the allegations.

6. Answering Paragraphs 6 and 7, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

7. Paragraph 8 of Plaintiff's Complaint does not call for a response from State Farm. To the extent the allegations in paragraph 8 could be construed as calling for a response from State Farm, State Farm responds that the allegations contained therein are so vague and ambiguous that State Farm can neither admit nor deny it and, on that basis, denies the allegations.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

II.

**GENERAL ALLEGATIONS**

8. Answering paragraph 9, State Farm admits that Plaintiff's claims arise out of a motor vehicle accident that occurred in Nye County, Nevada. State Farm further admits that Plaintiff's counsel sent a joint demand letter to State Farm on or about April 17, 2016 the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

9. Answering paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19, State Farm admits that Plaintiff's counsel sent correspondence to State Farm on or about April 17, 2016, the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

10. Answering paragraph 20 State Farm admits that it sent correspondence to Plaintiff's counsel on or about April 27, 2017, the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

11. Answering paragraph 21, State Farm admits that Plaintiff's counsel sent a joint demand letter to State Farm on or about May 2, 2017 the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

12. Answering paragraph 22 State Farm admits that State Farm sent correspondence to Plaintiff's counsel on or about May 11, 2017, the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

13. Answering Paragraphs 23 and 24, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

14. Answering paragraph 25 of the Complaint, State Farm objects to this paragraph as it fail to comply with FRCP 8 which requires a short and plain statement of the claim showing that the pleader is entitled to relief, and for the pleading to be simple, concise, and

direct. This paragraph violates the pleading requirements of FRCP 8 in that it is comprised of either a compound set of multiple facts, is set forth in complex narrative form, and/or it contains personal opinion, legal argument, and/or legal conclusion. Based on these objections State Farm is not required to respond. To the extent that State Farm is required to Answer, State Farm denies this paragraph.

15. Answering Paragraphs 26 and 27, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

16. Answering paragraph 28 of Plaintiff's Complaint, State Farm admits that State Farm policy number 086 3846-C19-28C includes bodily injury coverage with limits of $25,000 each person, $50,000 each accident. Except as expressly admitted, State Farm denies the allegations contained therein.

17. Answering Paragraph 29 of Plaintiff's Complaint, upon information and belief, State Farm admits.

18. Answering Paragraphs 30, 31, 32, 33 and 34 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

19. Answering Paragraphs 35 and 36 of Plaintiff's Complaint, upon information and belief, State Farm admits.

20. Answering Paragraph 37 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

21. Answering paragraph 38 of Plaintiff's Complaint, State Farm admits that Plaintiff's counsel sent a letter to State Farm on or about March 2, 2022 the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

22. Answering paragraph 39 of Plaintiff's Complaint, State Farm admits that Plaintiff's counsel sent a letter to State Farm on or about April 26, 2022 the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

23. Answering paragraph 40 of Plaintiff's Complaint, State Farm admits that State Farm sent correspondence to Plaintiff's counsel on or about April 28, 2022 the contents of which



speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

**III.**

**FIRST CLAIM FOR RELIEF**

**(BREACH OF INSURANCE CONTRACTS BY SHELTER AND STATE FARM)**

24. Answering paragraph 41 of Plaintiff's Complaint, State Farm incorporates by reference its responses to paragraphs 1 through 40 of the Complaint as though set forth in full herein.

25. Answering paragraph 42 of Plaintiff's Complaint, State Farm admits only that prior to the incident, a policy of insurance had been issued by State Farm to Rikki Simmans and Beverly Duckett (policy no. 086 3846-C19-28C), and that said policy provided bodily injury benefits, and that coverage under the policy is subject to the policy's terms, conditions, and exclusions in accordance with the contract and applicable law. State Farm denies all allegations not specifically admitted to herein.

26. Answering Paragraphs 43 and 44 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

27. Answering paragraph 45 of Plaintiff's Complaint, State Farm admits that State Farm sent correspondence to Plaintiff's counsel on or about October 27, 2016 and April 28, 2022, the contents of which speak for themselves. Except as expressly admitted, State Farm denies the allegations contained therein.

28. Answering paragraph 46 of Plaintiff's Complaint, State Farm denies.

29. Answering paragraph 47 of Plaintiff's Complaint, State Farm denies.

30. Answering paragraph 48 of Plaintiff's Complaint, State Farm denies.

/ / /

**IV.**

**SECOND CLAIM FOR RELIEF**

**(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING-BAD FAITH)**

31. Answering paragraph 49 of Plaintiff's Complaint, State Farm incorporates by reference its responses to paragraphs 1 through 48 of the Complaint as though set forth in full herein.

32. Answering paragraph 50 of Plaintiff's Complaint, State Farm asserts that it is not required to respond to this paragraph to the extent it asserts propositions of law. To the extent this paragraph requires a response, State Farm admits that Nevada law imposes a duty of good faith and fair dealing between all parties to insurance contracts. Except as expressly admitted, State Farm denies all allegations contained therein.

33. Answering paragraph 51 of Plaintiff's Complaint, State Farm denies.

34. Answering paragraph 52 of Plaintiff's Complaint, State Farm denies.

35. Answering paragraph 53 of Plaintiff's Complaint, State Farm denies.

36. Answering paragraph 54 of Plaintiff's Complaint, State Farm denies.

37. Answering Paragraph 55 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

38. Answering Paragraph 56 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

39. Answering Paragraphs 57 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

40. Answering Paragraphs 58 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

/ / /

/ / /

V.

**THIRD CLAIM FOR RELIEF**

**(UNFAIR CLAIMS PRACTICES – NRS 686A.310(1)(b); (2))**

41. Answering paragraph 59 of Plaintiff's Complaint, State Farm incorporates by reference its responses to paragraphs 1 through 58 of the Complaint as though set forth in full herein.

42. Answering paragraph 60 of Plaintiff's Complaint, State Farm denies.

43. Answering paragraph 61 of Plaintiff's Complaint, State Farm denies.

44. Answering Paragraph 62 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

45. Answering Paragraph 63 of Plaintiff's Complaint, State Farm has insufficient information to admit or deny the allegations contained therein and on that basis denies them.

VI.

**FOURTH CLAIM FOR RELIEF**

**(PROMISSORY ESTOPPEL-STATE FARM)**

46. Answering paragraph 64 of Plaintiff's Complaint, State Farm incorporates by reference its responses to paragraphs 1 through 63 of the Complaint as though set forth in full herein.

47. Answering paragraph 65 of Plaintiff's Complaint, State Farm denies.

48. Answering paragraph 66 of Plaintiff's Complaint, State Farm denies.

49. Answering paragraph 67 of Plaintiff's Complaint, State Farm denies.

50. Answering paragraph 68 of Plaintiff's Complaint, State Farm denies.

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

At this time, State Farm states the following Affirmative Defenses as discussed and required by FRCP 8(c). The Affirmative Defenses included herein may be supplemented, modified, amended, or abandoned as dictated by further investigation and/or discovery:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant State Farm is informed and believes, and based upon said information and belief, alleges that the Complaint, and each and every purported claim for relief in said Complaint, fails to establish legal entitlement to insurance benefits.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff, if any, were not caused by any breach of contract or duty by Defendant State Farm, but rather by the acts or omissions of third persons who were not acting on behalf of Defendant State Farm.

### FIFTH AFFIRMATIVE DEFENSE

Defendant State Farm is informed and believes, and based upon said information and belief, alleges that the Complaint, and each and every purported claim for relief in said Complaint, is subject to all the terms, conditions, provisions, definitions, limitations, exclusions, amendments, and endorsements in the subject insurance policy. Plaintiff's claim is barred, excluded, restricted, and/or limited accordingly.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy one or more conditions precedent and required under the subject insurance policies upon which she seeks recovery.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant State Farm has acted reasonably and in good faith in all aspects under the circumstances known to Defendant State Farm and continues to do so.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant State Farm alleges that it has fulfilled its obligations under the subject policy, and that all actions it has taken relevant to Plaintiff's claim have been accomplished in good faith.

**NINTH AFFIRMATIVE DEFENSE**

Defendant State Farm did not violate any duty owed to Plaintiff under the common law, contract, or statute.

**TENTH AFFIRMATIVE DEFENSE**

The damages claimed by Plaintiff, if any, are speculative, are not supported by proof, and thus not compensable as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

The damages claimed by Plaintiff were not proximately caused by the accident described in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

This suit is not ripe as Plaintiff has failed to establish a claim of legal entitlement under the terms of the policy of insurance.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any verdict against Defendant State Farm must be apportioned between injuries directly caused by the accident described in the Complaint, injuries caused by prior and/or subsequent accidents, and other medical conditions which may have predated or occurred subsequent to said accident.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant State Farm is entitled to assert offsets, as allowed under the terms and conditions of the insurance policy and applicable law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages are barred or limited in accordance with the terms, conditions, and exclusions of the insurance contract issued by State Farm, Nevada statute or other applicable law, and/or the U.S. Constitution.

/ / /



**SIXTEENTH AFFIRMATIVE DEFENSE**

That the complaint fails to state facts sufficient to warrant the imposition of an award of punitive and/or exemplary damages. This answering defendant asserts the protection of NRS 42.005 with respect to the plaintiff's alleged entitlement to punitive damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant State Farm's conduct in handling Plaintiff's claims for bodily injury benefits that is the subject of Plaintiff's Complaint was not malicious, oppressive, nor fraudulent, and thus Plaintiff is not entitled to punitive damages.

**EIGHTEETH AFFIRMATIVE DEFENSE**

Plaintiff herein was not a permissive user of the insured vehicle as that term is expressly defined under State Farm Policy No. 086 3846-C19-28C issued to Rikki Simmans and Beverly Duckett.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief to the extent that her claims are neither covered nor potentially covered under the terms of the applicable insurance policy.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant State Farm's conduct in handling Plaintiff's claims for bodily injury benefits that is the subject of Plaintiff's Complaint was not malicious, oppressive, nor fraudulent, and thus Plaintiff is not entitled to punitive damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

State Farm is informed and believes and based thereon alleges that Plaintiff cannot recover any amount for punitive damages as alleged in the Complaint because NRS 42.005, pursuant to which punitive damages are sought, is void for vagueness, constitutes an unconstitutional penalty, violates specific State and Federal constitutional rights to procedural and substantive due process and equal protection under the laws thus exposing State Farm to punishment more than once for the same alleged offense, violates the excessive fines clause of the Eighth Amendment of the

United States Constitution, gives the finder of fact unlimited discretion in imposing damages, and violates State Farm's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The standard for punitive damages fails to comply with the procedural and substantive requirements for punitive damages set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408 in that it lacks sufficiently objective criteria and procedural safeguards to give a jury adequate guidance on an appropriate range of proportionality for punitive damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant hereby incorporates by reference those affirmative defenses listed in FRCP 12(b).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, Defendant State Farm reserves the right to amend its Answer to allege additional affirmative defenses or abandon affirmative defenses included herein if subsequent investigation warrants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's prays for judgment as follows:

1. That Plaintiff ASHLEY WINN's take nothing by reason of her Complaint on file herein;

2. That judgment be entered in State Farm's favor;

3. That State Farm be awarded all recoverable costs and attorneys' fees incurred in the defense of this action; and



4. For such other and further relief as the court may deem just and proper in these premises.

DATED this 13th day of September, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ *Jennifer A.. Taylor*

ROBERT W. FREEMAN
Nevada Bar No. 03062
JENNIFER A. TAYLOR
Nevada Bar No. 6141
BENJAMIN J. DOYLE
Nevada Bar No. 15210
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*
.

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP, and that on this 13th day of September, 2022, I did cause a true copy of **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

Bruce D. Schupp, Esq.
LAW OFFICES OF BRUCE D. SCHUPP
1120 N. Town Center Drive, Suite 140
Las Vegas, Nevada 89144
bruceschupp@me.com

Brice J. Crafton, Esq.
DEAVER & CRAFTON
810 E. Charleston Blvd.
Las Vegas, Nevada 89104
brice@deavercrafton.com

Robert D. Vannah, Esq.
John B. Greene, Esq.
400 South Seventh Street, Fourth Floor
Las Vegas, Nevada 89101
jgreene@vannahlaw.com
*Attorneys for Plaintiff*

By: /s/ *Anne Cordell*
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP